**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**TONY BLAIR,**

    **Petitioner,**

**v.**                                                          **Civil Action No. 3:07cv37
(Judge Maxwell)**

**WAYNE PHILLIPS, Acting Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION UPON PRELIMINARY
## REVIEW OF THE PETITION

On March 30, 2007, the *pro se* petitioner filed an Application and Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 in which he asserts that the Bureau of Prisons ("BOP") arbitrarily and capriciously expelled him from the Residential Drug Abuse Program ("RDAP") just prior to his anticipated release to a Residential Release Center ("RRC"). Petitioner has therefore filed an emergency motion seeking his immediate transfer to a halfway house. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.09.

### I.  Factual and Procedural History

On March 24, 2006, Petitioner pled guilty to Fraud and Related Activity in Connection with Access Devices in the United States District Court for the Northern District of Illinois. Petitioner was subsequently sentenced to 21 months imprisonment. At the time of sentencing, the Court recommended that Petitioner participate in the BOP's 500 hour RDAP program. Petitioner began serving his sentence at the Morgantown Federal Correctional Institution ("FCI-Morgantown") on May 9, 2006.

At FCI-Morgantown, Petitioner was placed in the BOP's intensive 500 hour drug abuse program, where he completed approximately 476 hours of the program. Petitioner asserts that although he successfully completed all required program training, testing, and counseling, he was expelled from the program without justification. More specifically, Petitioner asserts that just prior to graduation, the program administrator informed Petitioner that he needed additional counseling. Petitioner asserts that the program administrator attempted to force Petitioner to sign an agreement within which he would agree to restart the program at or near its beginning stages. Petitioner asserts that the actions of the program administrator were not based upon any factual information.

As a result, Petitioner filed an administrative remedy against the program administrator and was expelled from the program. At that time, Petitioner asserts that the BOP had already executed his RRC placement contract, confirmed his bed space, and designated him to be released to the RRC on April 24, 2007. Petitioner therefore believes that his expulsion from the program was in retaliation for his initiating a remedy against the program administrator. Petitioner further asserts that the BOP's decision to expel him from the program was arbitrary and capricious and that such decision violated his statutory right to a timely transfer to a RRC. Petitioner concedes that he has not exhausted his administrative remedies with regard to his claims. However, Petitioner asserts that such exhaustion would be futile because he could not possibly exhaust his administrative remedies prior to the time in which he should be released to the RRC. Thus, Petitioner asserts that he should be permitted to bypass the administrative process and seeks emergency relief in this Court to prevent the loss of liberty he would suffer by remaining in the institution past April 24, 2007.

## II.  Exhaustion

Review of a BOP determination is available initially through the administrative process

provided in 28 C.F.R. §§ 542.10, et seq. Section 542 mandates a four-step administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of the General Counsel.

Petitioner states that he has not exhausted his administrative remedies because doing so would be futile. Chapter 8 of Program Statement 5330.10 provides that administrative remedies are available as set forth in 28 C.F.R. § 542, subpart B to address complaints regarding an inmate's confinement. Chapter 8.2 provides that with regard to expulsion from the RDAP, the inmate may proceed through the ususal Administrative Remedy Process. Or, if the inmate alleges that his release date will be affected if the expulsion is overturned, the staff may treat the appeal as an emergency appeal and process it according to 28 C.F.R. § 542.14.

As Petitioner concedes that he has not exhausted his administrative remedies, his § 2241 petition should be dismissed. To the extent Petitioner argues that he lacks a reasonable time limit to proceed under the administrative process, that claim is without merit. As noted above, the BOP has made special provisions for expediting remedies with regard to issues related to RDAP and early release. Moreover, Petitioner's contention that he does not need to exhaust his administrative remedies because a liberty interest is at stake is unpersuasive. There is no liberty interest in early release. Orr v. Hawk, 156 F.3d 651, 654 (6th Cir. 1998).

However, even if Petitioner was not required to exhaust administrative remedies before bringing this action, his claim is nonetheless without merit and due to be denied.

### III. Analysis

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act is applicable to persons convicted of a "nonviolent offense" and allows that BOP to reduce a prisoner's sentence by up to one-year as an incentive for the successful completion of the treatment program. See 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R. § 550.58. However, "[w]hile eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners. See 18 U.S.C. § 3621(e)(2)(B) ("the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons") (emphasis added)." Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999).

Here, Petitioner essentially argues that he was wrongfully expelled from the BOP's drug rehabilitation program and that such expulsion violated his right to early release under § 3621(e). However, pursuant to § 3621(e)(2)(B), an inmate is only entitled to early release upon the successful completion of the drug treatment program. By his own admission, Petitioner was expelled prior to full completion of the program and is not entitled to early release. In addition, even if Petitioner had successfully completed the program,[1] he is still not entitled to early release as § 3621 simply does not create an entitlement to early release. See Orr v. Hawk, supra (there is no protectible liberty interest in early release under § 3621(e)); Fonner v. Thompson, 955 F. Supp. 638 (N.D. W. Va.

---

[1] Although the RDAP requires a minimum of 500 hours of programming, according to Bureau of Prisons Policy Statement 5330.10, Chapter 5, Page 3, Paragraph 2, the Residential Treatment Handbook provides that only 450 of the 500 hours of required programming may be sufficient to complete the program. See Memorandum in Support of Petition (hereinafter "Memorandum")(dckt. 3), Ex. L at 2.

1997) (same); see also O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (a statute that creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest).

To the extent that Petitioner argues that the BOP's decision to expel him was arbitrary and capricious, that claim is also without merit.[2] In the response to his informal remedy request, Petitioner was reminded that the Director of the RDAP has discretion with regard to the early release of a participant and that in the opinion of the Director, Petitioner needs continued treatment beyond the minimum 500 hour program. See Memorandum at Ex. L. Therefore, it was recommended that Petitioner complete Phase II of the program again. Id. at Ex. M. In addition, in his expulsion notice, Petitioner was advised that he was being expelled from the program because he "was teamed by the clinical team and did not complete his task to meet with his sponsor daily. He was expelled from RDAP for continuing to be on his own agenda and not invested in treatment." Id. at Ex. K. Other than his blanket statement that this decision was arbitrary and capricious, Petitioner does not refute or otherwise challenge the assessment of the RDAP director. Thus, to the extent that the Court can review this decision, the undersigned does not believe that the BOP's decision to expel Petitioner from the RDAP was arbitrary or capricious.

Finally, to the extent that Petitioner contends that he entered into a written contract with the

---

[2] In addition, to the extent that the Court may address Petitioner's claim that the director expelled him from the program in retaliation for his filing of an administrative grievance under § 2241, see Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973) (§ 2241 is appropriate to challenge the fact or length of a prisoner's confinement, but *generally* not the conditions of that confinement) (emphasis added), that claim is foreclosed by the Fourth Circuit's decision in Adams v. Rice, 40 F.3d 72 (4th Cir.1994). In Adams, the Fourth Circuit found that in order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. However, the Court further found that inmates do not have a constitutional right to participate in grievance procedures. Id. 40 F. 3d at 75. Thus, Petitioner can state no retaliation claim regarding the filing of his grievance.

BOP, that claim is also without merit. According to Petitioner, the terms of the contract provided that if Petitioner successfully completed the substance abuse program, in return, the BOP would award Petitioner an early release date. Petitioner states that he was deemed eligible for early release and given a projected release date of April 24, 2007, which appears to be approximately one year less than his actual release date assuming good time conduct. However, Petitioner has failed to show that such a contractual relationship existed.[3]

### III.  Recommendation

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE and that his Emergency Motion for Habeas corpus (dckt. 1) be DENIED.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Chief Judge. Failure to timely file objections to the Report Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied,

---

[3] From experience, the Court is aware that the BOP issues a notice of eligibility form to an inmate who has applied for admittance into the RDAP. In the notice, the BOP advises the inmate as to his or her eligibility for the program and the early release provisions of § 3621(e). The forms are then typically signed by the inmate and a staff member  However, such forms are merely an assessment of an inmate's eligibility for the program and do not create any enforceable rights for the inmate. See Royal v. Trombone, 141 F.3d 596 (5th Cir. 1998). Thus, to the extent that Petitioner relies on his notice of eligibility form as the basis for his breach of contract claim, such a claim is without merit.

467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: April 12, 2007.

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE