IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TONY BLAIR,**

    **Petitioner,**

    v.                                        Civil Action No. 3:07 CV 37
                                                                   (Maxwell)

**WAYNE PHILLIPS,**

    **Respondent.**

## ORDER

It will be recalled that on March 30, 2007, *pro se* Petitioner Tony Blair, a federal prisoner incarcerated at FCI-Morgantown in Morgantown, West Virginia, instituted the above-styled civil action by filing an Application & Motion For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241. On that same date, March 30, 2007, the Petitioner also filed an Emergency Motion For Habeas Corpus Writ.

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.09 of the Local Rules of Prisoner Litigation Procedure.

On April 12, 2007, United States Magistrate Judge James E. Seibert issued a Report And Recommendation Upon Preliminary Review Of The Petition wherein he recommended that the Petitioner's Application & Motion For Writ Of Habeas Corpus

Pursuant To 28 U.S.C. § 2241 be denied and dismissed with prejudice and that the Petitioner's Emergency Motion For Habeas Corpus Writ also be denied. In this regard, Magistrate Judge Seibert found that the Petitioner had failed to exhaust his administrative remedies and that the Petitioner's claim that he lacked a reasonable time limit to proceed under the administrative process was without merit in light of the fact that the Bureau of Prisons has made special provisions for expediting remedies with regard to issues related to the Residential Drug Abuse Program and early release. Additionally, Magistrate Judge Seibert found that, because there is no liberty interest in early release, the Petitioner's contention that he did not need to exhaust his administrative remedies because a liberty interest was at stake was without merit. Finally, Magistrate Judge Seibert found that, even if the Petitioner were not required to exhaust administrative remedies before bringing the instant action, his claim is without merit and must be denied.

By Order entered May 7, 2007, the Court reflected that no objections to Magistrate Judge Seibert's April 12, 2007, Report And Recommendation had been filed; accepted said Report And Recommendation in whole; denied and dismissed the Petitioner's Application & Motion For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 with prejudice; denied the Petitioner's Emergency Motion For Habeas Corpus Writ; and directed the Clerk of Court to enter judgment in favor of the Respondent.

Thereafter, on May 14, 2007, the Petitioner filed a Motion For Reconsideration

Pursuant To Local R.  In said Motion, the Petitioner asks the Court to reconsider its May 7, 2007, Order and, in support of said request, advises the Court that his objections to Magistrate Judge Seibert's April 12, 2007, Report And Recommendation were filed on April 19, 2007.

The Court has reviewed the docket in the above-styled civil action and has determined that the Petitioner is correct.  His Reply To The Magistrate's Report And Recommendation Pursuant To Fed. Civ. Proc. Rule 7 was, in fact, filed on April 27, 2007, and the Court somehow managed to overlook this fact.  For this reason, it is

**ORDERED** that the Petitioner's Motion For Reconsideration Pursuant To Local R. (Docket No. 11) be, and the same is hereby, **GRANTED**, and the Court will consider the Petitioner's objections to Magistrate Judge Seibert's April 12, 2007, Report And Recommendation.  In light of the granting of the Petitioner's Motion For Reconsideration Pursuant To Local R., it is further

**ORDERED** that the Court's May 7, 2007, Order (Docket No. 9) be, and the same is hereby, **VACATED**.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made.  Thomas v. Arn, 474 U.S.

140, 150 (1985). Furthermore, the failure of a party to object to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. 28 U.S.C. § 636(b)(1); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on April 27, 2007, the Petitioner filed objections to the Magistrate Judge's Report And Recommendation in a document styled Petitioner's Reply To The Magistrate's Report And Recommendation Pursuant To Fed. Civ. Proc. Rule 7. In his Reply To The Magistrate's Report And Recommendation Pursuant To Fed. Civ. Proc. Rule 7, the Petitioner asserts that the Magistrate's reliance on the principle of exhaustion of administrative remedies is misplaced and inapplicable to his case; that the Magistrate's reliance on broad discretion analysis to support the denial of the Petitioner's early release is misplaced; and that the challenge of his place of confinement is proper in a § 2241 Petition.

The Court has conducted a *de novo* review only as to the portions of the Report and Recommendation to which the Petitioner objected. The remaining portions of the Report And Recommendation to which the Petitioner has not objected have been reviewed for clear error. Based upon its review, it appears to the Court that the issues raised by the Petitioner in his Application & Motion For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 were thoroughly considered by Magistrate Seibert in his

Report And Recommendation Upon Preliminary Review Of The Petition.  Furthermore, upon consideration of the Petitioner's Reply To The Magistrate's Report And Recommendation Pursuant To Fed. Civ. Proc. Rule 7, it appears to the Court that the Petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Seibert in his Report And Recommendation.   Moreover, the Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action.

Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on April 12, 2007, be, and the same is hereby, **ACCEPTED** in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the Petitioner's Application & Motion For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Docket No. 2) be, and the same is hereby, **DENIED** and **DISMISSED** with prejudice**.**   It is further

**ORDERED** that the Petitioner's Emergency Motion For Habeas Corpus Writ (Docket No. 1) be, and the same is hereby, **DENIED**.  It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Respondent.  It is further

**ORDERED** that, should the Petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the Petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court Of Appeals For The Fourth Circuit. The Clerk of Court is directed to transmit a copy of this Order to the *pro se* Petitioner and to counsel of record in the above-styled civil action.

**ENTER:** March   13  , 2008

                  **/S/ Robert E. Maxwell**
                  United States District Judge